Eastern District of Kentucky
**FILED**
AUG 0 2 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 04-400-JBC

CHRISTY HOLLON,                                                           PLAINTIFF

V.                    **PROPOSED FINDINGS OF FACT
AND RECOMMENDATION**

JO ANNE B. BARNHART, Commissioner,
Social Security Administration,                                       DEFENDANT

\* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

Plaintiff Christy Hollon, by counsel, brings this action against the Commissioner of the Social Security Administration, under 42 U.S.C. § 405(g) for judicial review of the Commissioner's decision that she was not under a "disability," as defined in the Social Security Act, at any time through the date of the ALJ's decision, and that based on her applications for Disability Insurance Benefits (DIB) filed on June 11, 1996, and March 21, 2000, she was not disabled and was not entitled to benefits.

This matter is before the Court on cross-motions for summary judgment. [DE ##13, 14].

By Order of May 4, 2005, the district court referred this matter to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for a report and recommendation on dispositive matters.

## II. ADMINISTRATIVE PROCEEDINGS

On application, plaintiff alleged that she became disabled on October 7, 1995, at age 26, due to injuries sustained in a motor vehicle accident[1], headaches, nerves, anxiety, and panic attacks. This application was denied initially and on reconsideration, resulting in an ALJ hearing. On July 24,

---

[1] On October 7, 1995, plaintiff's vehicle was rear-ended while she was stopped at a traffic light. As noted by the ALJ, "[t]here is no record of any visit to the emergency room on October 7, 1995, the date of the motor vehicle accident." (Tr. 34).

1997, ALJ Roger L. Reynolds found that plaintiff had not been disabled at any time through the date of that decision; therefore, she was not entitled to disability benefits. (Tr. 52-61). However, on plaintiff's request to the Appeals Council to review the ALJ's decision, the Appeals Council remanded the case for further consideration.

Subsequently, ALJ Roger L. Reynolds conducted another ALJ hearing, obtained testimony from a vocational expert and a medical expert, and on July 29, 1999, issued a decision unfavorable to plaintiff. (Tr. 69-82). The Appeals Council denied plaintiff's request for review of the ALJ's decision, and plaintiff filed an action in federal district court for judicial review of the Commissioner's decision. On September 13, 2002, the federal district court reversed the Commissioner's denial decision and remanded this action to the Commissioner for further proceedings, including instructions to the ALJ to provide a clear rationale for rejecting the opinion of Dr. Ballard Wright, a treating source. (Tr. 362-375).

During the course of the administrative review process surrounding plaintiff's DIB application filed on June 11, 1996, on March 21, 2000, plaintiff filed another DIB application, resulting in an ALJ hearing. On July 24, 2002, ALJ Arthur Shultz issued a decision unfavorable to plaintiff. Plaintiff sought review of this decision by the Appeals Council. On March 28, 2004, the Appeals Council vacated the hearing decision of ALJ Schultz in part because ALJ Schultz relied, in part, on an earlier finding concerning plaintiff's residual functional capacity on her prior DIB application, which had since been vacated by the district court. Upon remand, the Appeals Council directed the ALJ to further evaluate plaintiff's residual functional capacity and to consolidate plaintiff's second DIB application with plaintiff's case that had been remanded by the district court for further proceedings. (Tr. 19-20).

Thereafter, this matter was assigned to ALJ Peter M. Davenport, who conducted hearings on March 20, 2003, and June 19, 2003, obtaining testimony from a vocational expert and from a medical expert. On August 26, 2003, ALJ Davenport issued a decision unfavorable to plaintiff.

2

Plaintiff was born on February 1, 1969, has a high-school education, and has past work experience (PRW) as a waitress, deli worker, and bank teller. Summarizing the ALJ's findings, the ALJ found that (1) claimant's insured status expired on December 31, 2001 (Tr. 30); (2) claimant has not engaged in substantial gainful activity since her alleged onset date; (3) claimant has an impairment or a combination of impairments considered "severe," however, claimant's medically determinable impairments do not meet or medically equal an impairment listed in Appendix 1, Subpart P, Regulations No. 4; (4) claimant's allegations concerning her limitations are not totally credible; (5) prior to May 21, 2000, claimant retained the residual functional capacity (RFC) for sedentary work, with certain restrictions; subsequent to May 21, 2000, claimant had no exertional limitations, but had certain non-exertional limitations; (6) claimant's PRW as a deli worker and bank teller did not require the performance of work-related activities precluded by her RFC; (7) claimant's medically determinable back and neck pain, migraine headaches, depression, anxiety and polysubstance abuse do not prevent her from performing her PRW, and during the entire period of time, claimant was also capable of making a vocational adjustment to other work existing in significant numbers in the national economy; and (8) claimant has not been under a disability, as defined in the Social Security Act, at any time through the date of the ALJ decision, August 26, 2003. (Tr. 29-38).

On July 9, 2004, the Appeals Council declined to review the ALJ's decision (Tr. 14-15); therefore, the ALJ's decision represents the final decision of the Commissioner, and this matter is ripe for judicial review under § 1631(c)(3) of the Social Security Act, 42 U.S.C. § 405(g).

### III. APPLICABLE LAW

The scope of judicial review of the Commissioner's final decision is limited to determining whether the Commissioner's decision is supported by substantial evidence, see 42 U.S.C. § 405(g); Wright v. Massanari, 321 F.3d 611, 614 (6th Cir. 2003), and whether the correct legal standards were applied. Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence" means such evidence as a reasonable person might accept as adequate to

3

support a conclusion. Tyra v. Secretary of Health and Human Services, 896 F.2d 1024, 1028 (6th Cir. 1990), (quoting Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 535 (6th Cir. 1981, cert. denied, 461 U.S. 957 (1983).

In reviewing a case for substantial evidence, the court may not try the case de novo, resolve conflicts in evidence, or decide questions of credibility. Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984).

## IV. THE CROSS-MOTIONS FOR SUMMARY JUDGMENT

In support of her motion for summary judgment, plaintiff contends that based on the treatment notes and disability statements from Dr. Bunge, her treating psychiatrist, she meets the requirements for Listing 12.04 (Affective Disorders) and Listing 12.06 (Anxiety Related Disorders), and that the ALJ failed to give the appropriate weight to the opinion of her treating psychiatrist, Dr. Bunge. For these reasons, plaintiff contends that the ALJ's decision is not supported by substantial evidence and that she is entitled to an award of disability benefits. Alternatively, plaintiff requests that this action be remanded to the Commissioner for further consideration of her mental impairment.

In response, the defendant submits that the Commissioner's decision is supported by substantial evidence and should be affirmed.

### Discussion/Analysis

In considering this matter, the Magistrate Judge has reviewed, in addition to the memoranda filed in support of each party's motion for summary judgment, the hearing decisions, the medical evidence of record, and the transcripts of the ALJ hearings.

The ALJ evaluated the medical evidence from Dr. Bunge, as follows:

> As for mental impairments, Dr. Robert Bunge has submitted multiple statements that the claimant is totally and permanently disabled. See, Tr. 363, 365, 367 (two), 418, 420, 421 (three), 425, 426, 429, 431, 432 & 433. Dr. Bunge saw the claimant for the first time on August 27, 1996 (Tr. 434 & 457). After that he saw the claimant on September 30, 1996 and October 28, 1996 (Tr. 478), but there is treatment record in evidence (Tr. 456-457). Anyway on the third visit, Dr. Bunge determined that claimant had no useful ability to function independently, maintain attention and

4

>concentration, and follow work rules. The Administrative Law Judge rejects the limitations determined by Dr. Bunge, since it is not supported by the overall evidence.

Tr. 34.

The overall evidence on which the ALJ relied in rejecting Dr. Bunge's opinion included the consultative psychological evaluation of Robert Fitz, Ph.D., who evaluated plaintiff on February 11, 2002. (Tr. 345-354). Dr. Fitz indicated plaintiff's ability to understand, remember and follow instructions, maintain attention and concentration and relate to others, including co-workers, was good and that her ability to tolerate work stress was fair. Dr. Fitz also noted that plaintiff's Global Assessment of Functioning (GAF) was 63, which indicates only *mild* symptoms (e.g., depressed mood or mild insomnia) or some difficulty in social, occupational, or school functioning, but generally functioning pretty well. See Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed. - text revision 2000). Dr. Fitz observed that plaintiff was only mildly depressed, was responding well to medication, was coping well with severe environmental stressors, and would be able to function, even with residual depression and anxiety. (Tr. 353-54). It is well settled that if a claimant's condition can be controlled with medication, it is not disabling. *See, Warford v. Bowen*, 875 F.2d 671, 673 (6th Cir. 1989); *Houston v. Secretary of Health and Human Services*, 736 F.2d 365, 367 (6th Cir. 1984).

Additionally, the ALJ noted that plaintiff has engaged in a variety of activities subsequent to her motor vehicle accident in October of 1995 that belies a claim of disability based on mental limitations. For example, plaintiff remarried in 1999, remodeled her house, had a baby, attends church, and takes her daughter to the library and ball games. (Tr. 35). The Commissioner may properly consider a claimant's level of activity in making disability determinations. 20 C.F.R. § 404.1529(c)(3)(I); *Blacha v. Secretary of Health and Human Services*, 927 F.2d 228, 231 (6th Cir. 1990).

5

## V. CONCLUSION

Having reviewed the administrative record, including the medical evidence, the cross-motions for summary judgment, and the applicable law concerning judicial review of the Commissioner's decision, the Magistrate Judge concludes that the Commissioner's decision that Plaintiff is not disabled is supported by substantial evidence.

Accordingly, **IT IS HEREBY RECOMMENDED** that plaintiff's motion for summary judgment [DE #13] be **DENIED**, that the defendant's motion for summary judgment [DE #14] be **GRANTED**, and that this action be **DISMISSED** and **STRICKEN** from the docket.

The Clerk of the Court shall forward a copy of the Magistrate Judge's Proposed Findings of Fact and Recommendation to the respective parties who shall, within ten (10) days of receipt thereof, serve and file timely written objections to the Magistrate Judge's Findings of Fact and Recommendation with the District Court or else waive the right to raise the objections in the Court of Appeals. 28 U.S.C. section 636(b)(1)(B); Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), affirmed, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6th Cir. 1986); Fed.R.Civ.P. 6(e).

This 2ND day of August, 2005.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE